WELCH

*v.*

CENTRAL SAN CRISTOBAL.

---

San Juan, Equity, No. 940.

ON APPLICATION OF RECEIVER AS TO DISAFFIRMING LEASES AND CONTRACTS.

Receivership — Leases and Contracts.
  1. A receiver should for his own guidance investigate all contracts and leases.

Receiver — Contracts.
  2. The appointment of a receiver affects contracts, but does not make him an assignee of a lease, even if he goes into possession.

Receiver — Leases.
  3. A receiver is not appointed for the purpose of carrying out the defendant's contract, but to preserve the property which comes to his hands. He is the hand of the court, and not carrying out a contract is no violation, because he is not a party to the contract.

Receiver — Report as to Contracts.
  4. It is a better practice for the receiver to report to the court what contracts he deems onerous, and for the court to act thereon only after hearing the other parties to such contract.

Opinion filed October 3, 1913.

Welch v. Central San Cristobal.

*Messrs. Hartzell & Rodriguez Serra* for petitioner and receiver.

*Mr. W. N. Lauders* for defendant.

HAMILTON, Judge, delivered the following opinion:

The receiver in this cause shows that he finds the property burdened with a number of leases and contracts which cannot be carried to the advantage of the property and the creditors interested, and asks leave to investigate and disaffirm those which are onerous.

1. There is no doubt that a receiver should make this investigation for his own guidance. It is probably the better course to get leave of the court for this purpose, as it may have important consequences.

2. Whether he should be permitted to disaffirm after getting this information is a matter for consideration. On the one hand, the property may be worth nothing if burdensome leases and contracts are carried out. It is very likely that often such obligations have forced the concern into the hands of receivers, and that some action of this kind is necessary to keep the business as a going concern. On the other hand, it resembles impairing the obligation of contracts, to tell one set of creditors that they shall not be allowed the benefit of contracts by which they obtain a fair advantage, which is the only reason for entering into contracts, and that the property shall be held intact for another set of creditors who have made less favorable contracts.

Welch v. Central San Cristobal.

Nevertheless, it is only to be expected that the appointment of a receiver should affect contracts. The mere appointment of a receiver does not constitute him an assignee of a lease and render him liable on its covenants; nor by merely taking possession of the premises, which he may have to do if within the order of the court, is a receiver to be regarded as assignee of the term. Quincy, M. & P. R. Co. v. Humphreys, 145 U. S. 82, 36 L. ed. 632, 12 Sup. Ct. Rep. 787. Receivers are entitled to "a breathing space" to determine whether or not they will assume the covenants of the lease. Farmers' Loan & T. Co. v. Northern P. R. Co. 58 Fed. 259; Beach, Receivers, § 327; High, Receivers, § 273. It is only right, however, for a receiver to pay rent for the time which he occupies the premises. It has been said that the lease is necessarily terminated, because the lessee has ceased to exist and has no successor.

3. The same rule applies to contracts outstanding upon the appointment of a receiver. United States Trust Co. v. Wabash Western R. Co. 150 U. S. 287, 37 L. ed. 1085, 14 Sup. Ct. Rep. 86; Beach, Receivers, § 328. The principle of this rule is that the appointment of a receiver is not for the purpose of performing the defendant's contracts, but to preserve the property which comes to the receiver's hands. Beach, Receivers, § 328. This is not a violation of contract, because the receiver is not a party to the contract. He is merely the hand of the court, and holds the property as such. Quincy, M. & P. R. Co. v. Humphreys, 145 U. S. 82, 99, 36 L. ed. 632, 638, 12 Sup. Ct. Rep. 787. There is, however, the necessary condition that the receiver cannot receive the benefit of a contract without carrying out also its obligations. He cannot blow hot and cold. The more so, as this right of election is confined to the receiver, and

Welch v. Central San Cristobal.

does not exist in favor of the other party to the contract. The privilege is therefore anomalous.

4. The exercise of this anomalous right should be carefully scrutinized. Receivers and courts alike are liable to error. Previous orders in this court, in other cases, have sometimes authorized receivers to make such election on their own judgment, but no opinion has been filed giving the reasons of the court for such action. It would appear more equitable for the receiver, in case he cannot come to an amicable agreement with the lessors and holders of contracts, to report the particulars to the court, and that the parties be given an opportunity to show cause why the contracts should not be rescinded. In this way all parties will have their day in court, and the court be able to judge at first hand how justice should be done in the several matters.

An order will be entered accordingly.